IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSO V. FRAZIER II,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>                Defendant. | 8:24CV362<br><br>**MEMORANDUM AND ORDER** |

Alphonso V. Frazier II ("Frazier"), a non-prisoner, filed a Motion for Leave to Proceed in Forma Pauperis. Filing No. 2. Upon review of Frazier's Motion, the Court finds that he is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Frazier's claims to determine whether summary dismissal of this matter is appropriate under 28 U.S.C. § 1915(e)(2).

## I. DOCKETING OF FRAZIER'S COMPLAINT

As an initial matter, the Court addresses its construction and docketing of Frazier's Complaint, Filing No. 1. On September 11, 2024, Frazier hand-delivered to the Clerk of the Court a Form Pro Se 12 Complaint for Interpleader and Declaratory Relief, the caption of which identifies the "State of Nebraska" as the plaintiff and "Alphonso V. Fry" as one of the defendants. *Id*. at 1. "Alphonso V. Fry" appears to be Frazier's former name at the time of his adoption as the Court understands it. *See Id*. at 6, 15. Upon submission of his Complaint, Frazier indicated to the Clerk's Office staff that he wanted to remove a state criminal action, *see Id*. at 33 (civil cover sheet indicating origin of suit as "Removed from State Court"), and the Clerk's Office referred Frazier's pleadings to the undersigned's chambers for direction on how the pleadings should be docketed. The Court directed the

Clerk's Office to docket Frazier's pleading as a Complaint with Frazier listed as the plaintiff and the State of Nebraska listed as the Defendant because Frazier filed the action using a pro se complaint form and, as explained below, this case is not a properly removed action.

The Court understands that Frazier was rather belligerent with the Clerk's Office staff when insisting that his Complaint be filed as a notice of removal.  Frazier is specifically advised that his Complaint was docketed as a complaint and the parties listed per the Court's direction.  If Frazier disagrees with the Court's construction and treatment of his pleading, then he can seek review as appropriate in the Circuit Court of Appeals.

## II.  SUMMARY OF COMPLAINT

As stated above, Frazier submitted his Complaint on the pro se form interpleader complaint naming the State of Nebraska as the purported plaintiff and listing himself as a defendant, along with Antonio Guterres ("Guterres") of the United Nations, Merrick B. Garland ("Garland") of the United States Department of Justice, and Alejandro Mayorkas ("Mayorkas") of the Department of Homeland Security. Filing No. 1 at 1–2.  Frazier offers no explanation why Guterres, Garland, and Mayorkas are included as defendants, and the Court can discern none.  Frazier checks the box on the form indicating this is an interpleader action brought under Federal Rule of Civil Procedure 22 and that jurisdiction arises under federal law, namely

> 28 U.S.C. §14[4]2(a)(1),[1] 18 U.S.C. §666, 18 U.S.C. §2441, Social Security Act §479 [§] (a) (1), 42 U.S. Code § 242k, 42 CFR part 46, United Nations Charter (enforcement measures under Chapter VII), Geneva (IV) Conventions 1949 and its Additional Protocols, Bill of Rights, Conflicts of

---

[1] Frazier cited to "28 U.S.C. §1422(a)(1)" in his Complaint, but the Court could not locate any such provision. Rather, it appears Frazier intended to cite 28 U.S.C. § 1442(a)(1), see Filing No. 1 at 33, which provides for removal of "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to" the United States, its agencies, or an officer thereof.  28 U.S.C. § 1442(a)(1).

> Jurisdiction: Federal Court Interference with State Courts Clause 2. In all Cases in which a State shall be a Party, the Supreme Court shall have original Jurisdiction, ArtIII.S2.2.5 Supreme Court Review of State Court Decisions.

Filing No. 1 at 3 (third alteration in original).

Frazier identifies himself, or rather "Alphonso V. Fry," as a "Judicial Person Created by Adoption Fraud" and "Foreign Entity Created by Adoption Fraud." *Id*. at 2, 4 (capitalization altered from original). In the space provided in the form complaint for "The Amount in Controversy," Frazier alleges the plaintiff State of Nebraska owes him "$10,000,000.00[ ] [f]or tort of 'wrongful adoption' fraud case[,] [f]or intentional misrepresentation and deliberate concealment—deliberately withholding material background information, fraud, deceit during the adoption process & adverse consequences resulting in 'legally invalid rape conviction' & libel defamation." *Id*. at 4. Frazier later alleges that "the property in controversy is worth $1,300,000,000.00" and, as best the Court can tell, the property appears to be "Alphonso V. Fry['s] birth certificate [which] is the primary bond for its value is unlimited and it was created for the benefit of the United States of America." *Id*. at 6 (capitalization altered from original).

In his "Statement of Interpleader Action" in response to the prompt to "[d]escribe the property that is the subject of this interpleader action, and explain why you are in possession of the property[ and] why each of the defendants claims an entitlement to the property," Frazier alleges:

> ALPHONSO V. FRY judicial person created by illegal acts of adoption fraud committed by the plaintiff United States of Nebraska. The real party interest "Alphonso V. Frazier II" is being misrepresented as Ex Rel [ALPHONSO V. FRY] affecting interstate commerce each defendant claims entitlement to the property pursuant to the Social Security Act, United Nations Commission on International Trade, & The DOJ Human Rights and Special Prosecution Section investigates & prosecutes human rights violations.

3

*Id*. (as in original).

Frazier also attached copies of state court records from his criminal case in the District Court of Lancaster County, Nebraska, *State of Nebraska v. Alphonso v. Fry*, Case No. 76-294 or CR24-9000002 (hereinafter the "Criminal Case"), which, liberally construed, indicate he seeks relief from the conviction in the Criminal Case. Frazier attached his Motion to Vacate Conviction, *Id*. at 8–20, which he filed on August 15, 2024, in the Criminal Case challenging "the invalidity of Fry's 1989 and 1990 plea and conviction" for an allegedly "false rape conviction," *Id*. at 8–9. The state district court entered an order on August 21, 2024, denying Frazier's Motion to Vacate Conviction as "there is no legal authority for the court to grant the relief requested." *Id*. at 22. The Court takes judicial notice of Frazier's Criminal Case records and the Nebraska Department of Correctional Services' inmate records which show that Frazier, or Alphonso V. Fry as he was then-known, was sentenced to 5 to 15 years' imprisonment on February 27, 1990, for first degree sexual assault and was mandatorily discharged from that sentence on August 6, 1998.[2]

### III. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[2] The relevant records are attached to this Memorandum and Order. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

4

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## IV. DISCUSSION

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Frazier's Complaint fails to meet this minimal pleading standard.

Even when liberally construed, Frazier's Complaint offers nothing more than a mere string citation to various federal statutory provisions with no discernible relevance to the parties involved or any factual allegations indicating how such provisions may have been violated or why Frazier may be entitled to relief under such provisions. Frazier's conclusory allegations regarding fraud, misrepresentation, and deliberate concealment also fail to satisfy federal pleading standards to state a claim for relief. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. "[A]

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)). Frazier's Complaint falls far short of these pleading standards.

Frazier's Complaint also fails to provide fair notice of his claims as he uses an interpleader form to apparently seek review of, or relief from, the judgment in his Criminal Case. Though Frazier alleges this is an interpleader action under Federal Rule of Civil Procedure 22, Frazier alleges no facts suggesting the provisions of that rule providing grounds for interpleader by either a plaintiff or a defendant apply here. A plaintiff may join as defendants "[p]ersons with claims that may expose a plaintiff to double or multiple liability" and require the defendants to interplead, while "[a] defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim." Fed. R. Civ. P. 22(a). Nothing in the Complaint suggests why interpleader applies here.

Moreover, to the extent Frazier seeks removal of the Criminal Case, this is not a properly removed action for several reasons. First, 28 U.S.C. § 1442(a)(1), upon which Frazier relies, is inapplicable as neither the United States nor any of its agencies or officers were parties to the Criminal Case. Second, the Criminal Case is clearly not pending and, thus, there is nothing to remove to this Court. In general, a defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before

trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Here, Frazier's Criminal Case concluded in the early 1990s and Frazier completely served his sentence by 1998. Any attempt by Frazier to "remove" the Criminal Case now is clearly untimely and frivolous. Additionally, to the extent Frazier is attempting to seek review of the state district court's denial of his Motion to Vacate Conviction, the Court lacks jurisdiction to conduct such review under the *Rooker-Feldman* doctrine.[3]

Finally, the Court notes that to the extent Frazier's Complaint may be construed as seeking habeas relief from his 1990 conviction, the Court could not entertain such a request as Frazier is clearly not in "custody" under the judgment of conviction he is challenging and has fully served his sentence. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" (emphasis in original) (quoting 28 U.S.C. § 2254(a))); *see also Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991) ("Custody is tested at the time of filing the petition. A person must be in custody under the conviction or sentence attacked at the time of filing. A person whose sentence has fully expired at the time his petition is filed

---

[3] The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.

can not satisfy the custody requirement." (internal citations omitted)). Thus, federal habeas jurisdiction would not exist here.

## V. CONCLUSION

Upon review, the Court finds Frazier's Complaint is largely unintelligible, fails to comply with Federal civil rules of pleading, and fails to establish grounds for the Court to exercise federal question jurisdiction. Accordingly, the Court will dismiss this matter without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and without leave to amend as the Court concludes amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Frazier's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. This matter is dismissed without prejudice.

3. The Court will enter judgment by a separate document.

Dated this 18th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge



**Official Nebraska Government Website**

NEBRASKA.GOV

All State Agencies | All State Services |

# Nebraska Judicial Branch

## Nebraska Courts Case Search

- Trial Case by Judgment
- Trial Case by Name
- Trial Case by Number
- FAQ
- Demo

## Case Summary

```
In the District Court of LANCASTER County
The Case ID is   CR 24 9000002 Docket Number is 676294
Citation No.:    0000000
                 State v. Alponso V Fry
The Honorable Jodi L Nelson, presiding.
Classification: Felony-Bindover
Filed on 09/26/1989         by the County Prosecutor
This case is Closed as of 08/21/2024
    It was disposed as  Guilty Plea/Admission in Court
```

*Last viewed Sept. 17, 2024*

## Parties/Attorneys to the Case

```
         Party                              Attorney
Plaintiff ACTIVE
     State of Nebraska
                                     Christopher M Turner
                                     Justice and Law Enforcement C
                                     605 South 10th Street, 2nd Fl
                                     Lincoln            NE 68508
                                     402-441-7321

Defendant ACTIVE
     Alponso V Fry                   Self-Represented Litigant
     PO Box 4891
     Omaha              NE 68104                        NE
Date of Birth is  [REDACTED]    Drivers License is
```

## Offense Information

```
Count              Charge                          Offense Class
 01  Sexual assault-1st degree              ; Class 2 Felony
        Offense Date is 09/26/1989
        Plea is   No Contest
        Finding is   Guilty
           Sentence includes:
              Jail-Minimum Sentence
                    Start Date 02/27/1990
                    Term of   05 Years
              Jail-Maximum Sentence
                    Start Date 02/27/1990
                    Term of   15 Years
              Credit for Days Served
                    Term of   170 Days
 02  False imprisonment-1st degree          ; Class 4 Felony
     AMENDED TO...Count dropped/dismissed            ;
        Offense Date is 09/26/1989
```

## Arresting Officers

| Agency | Officer |
|---|---|
| -------------------------------- | -------------------------------- |

## Court Costs Information

| Incurred By | Account | Date | Amount |
|---|---|---|---|
| Plaintiff | Information | 09/26/1989 | $35.00 |
| Plaintiff | Automation Fee | 09/26/1989 | $8.00 |
| Plaintiff | NSC Education Fee | 09/26/1989 | $1.00 |
| Plaintiff | Dispute Resolution Fee | 09/26/1989 | $0.75 |
| Plaintiff | Indigent Defense Fee | 09/26/1989 | $3.00 |
| Plaintiff | Uniform Data Analysis Fee | 09/26/1989 | $1.00 |
| Plaintiff | J.R.F. | 09/26/1989 | $6.00 |
| Plaintiff | Filing Fee-JRF | 09/26/1989 | $7.00 |
| Plaintiff | Crime Victim Fund | 09/26/1989 | $1.00 |
| Plaintiff | Civil Legal Services Fund | 09/26/1989 | $1.00 |
| Plaintiff | L.E.I.F. | 09/26/1989 | $2.00 |
| Plaintiff | Legal Aid/Services Fund | 09/26/1989 | $6.25 |
| Plaintiff | Comp Rec/Records Management | 09/26/1989 | $15.00 |

*Last viewed Sept. 17, 2024*

## Financial Activity

```
No trust money is held by the court
No fee money is held by the court
```

## Payments Made to the Court

| Receipt | Type | Date | For | Amount |
|---|---|---|---|---|
| 9113052 | Non-Monetary Rec | 08/19/2024 | State of Nebraska | $87.00 |
| | | | Information | $35.00 |
| | | | Automation Fee | $8.00 |
| | | | NSC Education Fee | $1.00 |
| | | | Dispute Resolution Fee | $.75 |
| | | | Indigent Defense Fee | $3.00 |
| | | | Uniform Data Analysis | $1.00 |
| | | | J.R.F. | $6.00 |
| | | | Filing Fee-JRF | $7.00 |
| | | | Crime Victim Fund | $1.00 |
| | | | Civil Legal Services F | $1.00 |
| | | | L.E.I.F. | $2.00 |
| | | | Legal Aid/Services Fun | $6.25 |
| | | | Comp Rec/Records Manag | $15.00 |

*Last viewed Sept. 17, 2024*

## Register of Actions

```
09/04/2024 Abstract-Voter Reg/CR History
                                                                    (hn)


08/21/2024 Order
           This action initiated by Jodi L Nelson
    Motion to Vacate Conviction overruled              (kt)
      eNotice Certificate Attached
           Image ID  N24234F0CD02
```

```
08/15/2024 Motion-Vacate
           This action initiated by party Alponso V Fry
   001 -
           Image ID   002176730D02


01/24/1991 Filing Not Otherwise Specified
    Mandate of Supreme Court Affirming the Judgment & Sentence of this Court


03/21/1990 Notice Filed
           This action initiated by party Alponso V Fry
   of Appeal to Court of Appeals


03/21/1990 Motion-Proceed in Forma Pauperis
           This action initiated by party Alponso V Fry
   for appeal - IFP Granted


02/27/1990 Sentencing Order
    5-15 years, plus costs.  Credit for 170 d


01/16/1990 Amended Information
    2nd Amended Info - striking Habitual Criminal from Count I


01/12/1990 Amended Information


           This action initiated by party State of Nebraska
    Adding habitual criminal to each count


09/28/1989 Transcript-County Court
           This action initiated by party State of Nebraska


09/26/1989 Information
           This action initiated by party State of Nebraska
```

*Last viewed Sept. 17, 2024*

**Judges Notes**

```
08/21/2024
Nelson,Jodi,L
8/21/24
Nelson
For order overruling Motion to Vacate Conviction, see file.
(DISMCRT)
```

Built and Maintained by Nebraska.gov
All State Agencies | All State Services

Nebraska Judicial Branch
http://www.supremecourt.ne.gov/
Email Us for Assistance.

Nebraska.gov
Contact Us: Support

Security, Accessibility, and Privacy Policies

Last viewed Sept. 17, 2024

https://www.nebraska.gov/justice//case.cgi[9/17/2024 12:39:19 PM]



- DCS Home
- Nebraska Home
- Victim Services

| Start a New Search | Back To Results |
|---|---|

**DCS ID:** 40668 -- ALPHONSO FRY

## Demographics

**Committed Name**
- Last: FRY
- First: ALPHONSO
- Middle: V
- Suffix:

**Legal Name**
- Last:
- First:
- Middle:
- Suffix:

**Details**
- Gender: MALE
- Race: BLACK
- Date of Birth: [REDACTED]
- Facility:

Click for Photo

## Sentence Information

**Sentence Dates**
- Facility:
- Total Sentence: 5 Years 0 Months 0 Days  To  15 Years 0 Months 0 Days
- Sentence Begin Date: 02/27/1990
- Good Time Law: 567
- Projected Release Date: 08/06/1998

**Parole Information**
- Parole Eligibility Date: 06/06/1993
- Parole Hearing Date:
- Next Parole Board Review Date: 02/1999
- Parole Discharge Date:
- Parole Discharge Type:

**Release Information**
- Release Date: 08/06/1998
- Reason for Release: MANDATORY DISCHARGE
- Release Information Comments:

*Last viewed Sept. 17, 2024*

## Offense Information

| Description | Run Code | Offense Term Minimum | Offense Term Maximum | County of Commitment |
|---|---|---|---|---|
| SEXUAL ASSAULT 1ST DEGREE | CC | 5 Yr 0 Mo 0 Da | 15 Yr 0 Mo 0 Da | LANCASTER |
| Felony - - | | | | |

### Disclaimer

Neither the Nebraska Department of Correctional Services, nor any officer or employee of the Department of Correctional Services, nor the State of Nebraska makes any express or implied warranty regarding documents on this server. Although every effort has been made to ensure the accuracy of the information, neither the Nebraska Department of Correctional Services, nor any officer or employee of the Department of Correctional Services, nor the State of Nebraska assumes any liability for the accuracy of information contained herein. Any questions regarding the accuracy of the information contained on this website should be submitted to Records Administrator, Department of Correctional Services, PO Box 94661, Lincoln NE 68509.